UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HAWKINS, No. 20912411,<br><br>                              Plaintiff,<br><br>   vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>                              Defendants. | Case No.:  3:20-cv-02200-WQH-KSC<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT; and**<br><br>**(2)  DENYING PETITION FOR WRIT OF MANDATE [ECF No. 22]** |

**I.     Introduction and Procedural Background**

On November 10, 2020, Plaintiffs Daryl Dunsmore and Christopher Hawkins filed a pro se civil rights action pursuant 42 U.S.C. § 1983 and a Motion to Proceed in Forma Pauperis ("IFP"). ECF Nos. 1–2. On February 16, 2021, the Court denied in part the IFP as to Plaintiff Dunsmore pursuant to 28 U.S.C. Section 1915(g) and dismissed the action sua sponte without prejudice as to Plaintiff Dunsmore for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a). ECF No. 9. As to Plaintiff Hawkins, the Court granted the IFP and dismissed the action with leave to amend for failing

to state a claim upon which § 1983 relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). ECF No. 9. Hawkins was told that to proceed with his case, he must file an Amended Complaint which cured the pleading deficiencies outlined in the Court's February 16, 2021 Order no later than sixty days from the date the Order was signed. *Id.* Plaintiff was also warned his failure to amend would result in the dismissal of his case. *Id.* at 27 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

## II. Discussion

### A. Failure to Prosecute and Failure to Comply With a Court Order

Hawkins' Amended Complaint was due April 19, 2021. *Id*. To date, Plaintiff has not filed an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's February 16, 2021 Order [ECF No. 9].

### B. Petition for Writ of Mandate [ECF No. 22]

Plaintiff has filed a Petition for Writ of Mandate in which he asks this Court to issue an Order directing Defendants to provide discovery to him. "Mandamus writs, as extraordinary remedies, are appropriate only when a federal officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is 'so plainly prescribed as to be free from doubt.'" *Stang v. IRS*, 788 F.2d 564, 565 (9th Cir. 1986) (quoting *Pescosolido v. Block*, 765 F.2d 827, 829 (9th Cir. 1985). "The federal courts are without power to issue writs of

mandamus to direct state courts or their judicial officers in the performance of their duties . . . ." *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966). Moreover, as discussed above, the Court is dismissing this case for failing to comply with the Court's February 16, 2021 Order. Accordingly, the Petition is **DENIED** without prejudice.

### III. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this case without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's February 16, 2021 Order [ECF No. 9]; and

(2) **DENIES** Plaintiff's Petition for Writ of Mandate [ECF No. 22] without prejudice.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: June 10, 2021

Hon. William Q. Hayes
United States District Court